UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                -against-

EDWARD MANGANO,
LINDA MANGANO, and
JOHN VENDITTO,

                        Defendants.
-----------------------------------------------------------------------X

FILED
CLERK
5/18/2017 12:51 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
16-CR-540 (JMA)

**AZRACK, United States District Judge:**

On May 16, 2017, one of the defendants in this case filed an <u>ex parte</u> letter requesting that the Court "so order" certain subpoenas pursuant to Federal Rule of Criminal Procedure 17(c).

"A party seeking the enforcement of a subpoena 'must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.'" <u>United States v. Conway</u>, 615 F. App'x 46, 48 (2d Cir. 2015) (quoting <u>United States v. Nixon</u>, 418 U.S. 683, 699–700 (1974) (footnote and internal quotation marks omitted)). Thus, "[u]nder <u>Nixon</u>, a party moving for a pretrial Rule 17(c) subpoena, 'must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.'" <u>United States v. Cuti</u>, 528 F. App'x 84, 86 (2d Cir. 2013) (quoting <u>Nixon</u>, 418 U.S. at 700).

The defendant has failed to make the requisite showing under <u>Nixon</u>. Accordingly, the Court denies the defendant's application and declines to "so order" the subpoenas.

**SO ORDERED.**

Dated: May 18, 2017
Central Islip, New York

_____/s/____(JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE