LTG
F. # 2015R02148

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA           16–CR-540 (S-1)(JMA)

   - against -

JOHN VENDITTO,

             Defendant.

– – – – – – – – – – – – – – – – – –X


GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
VENDITTO'S PRETRIAL MOTION FOR BRADY MATERIAL AND EARLY
DISCLOSURE OF WITNESS LIST, EXHIBIT LIST AND 3500 MATERIAL


                                                   RICHARD P. DONOGHUE
                                                   UNITED STATES ATTORNEY
                                                   Eastern District of New York
                                                   610 Federal Plaza
                                                   Central Islip, New York 11722


Catherine M. Mirabile
Raymond A. Tierney
Lara Treinis Gatz
Assistant U.S. Attorneys
    (Of Counsel)

                                                                              FILED: January 16, 2018

PRELIMINARY STATEMENT

On November 21, 2017, a Grand Jury sitting in Central Islip returned a Superseding Indictment charging defendant JOHN VENDITTO with twenty-one additional counts of criminal conduct in relation to VENDITTO'S fraudulent omissions and misrepresentations in failing to disclose to the investing public material information relating to the Town of Oyster Bay's ("TOB") indirect guarantees of millions of dollars of private bank loans for the benefit Co-Conspirator #1, one of the Town's concessionaires. Count Fourteen charges VENDITTO with Securities Fraud, Count Fifteen charges VENDITTO with Wire Fraud Conspiracy, and Counts Sixteen through Thirty-Four charge VENDITTO with various counts of substantive Wire Fraud.

As set forth in the Superseding Indictment, between approximately June 2010 and June 2012, the TOB agreed to indirectly guarantee four private loans, totaling more than $20 million, for Co-Conspirator #1. In order to hide both the illegal conduct attendant to the indirect guarantees and the associated liabilities, VENDITTO and others concealed the fact and nature of the indirect guarantees of Co-Conspirator #1's loans from prospective investors and investors in the TOB's securities offerings, as well as personnel, including TOB officials and outside advisers, who assisted in preparing the TOB's securities offerings and financial statements.

As a result, up until December 2015, when the TOB disclosed Co-Conspirator #1's loans for the first time, the TOB's securities offering documents and the appended financial statements omitted any reference to the TOB's indirect guarantees of those loans, thereby presenting prospective investors, investors, rating agencies, underwriters, and others with a false picture of the TOB's financial condition and the quality of its management.

Then, in or about December 2015, after media reports on the indirect guarantees and Co-Conspirator #1's criminal indictment, VENDITTO and others finally disclosed the existence of the indirect guarantees in the TOB's securities offering documents, but those and subsequent disclosures contained materially misleading statements about the indirect guarantees.

## DISCOVERY PRODUCED TO DATE

Since November 16, 2016, the government has been providing discovery to VENDITTO and the other defendants on a rolling basis. To date, the government has completed 10 productions (11/16/16, 12/5/16, 12/9/16, 1/12/17, 3/30/17, 5/2/17, 5/24/17, 12/1/17, 12/28/17 and 1/12/18), which included approximately: 1,150,000 pages of documents related the securities fraud charges; 86,000 pages of emails and attachments from Co-Conspirator #1's email server; 35,000 pages of TOB documents and emails; 30,000 pages of bank account records; 5,000 pages of phone records; 3,250 pages of miscellaneous documents; 550 pages of loan documents; 370 pages of Federal Income Tax Return records; 250 photographs; 180 pages of pen register applications and orders; 130 pages of FBI reports and notes; 4 audio-recordings; and a CD-ROM containing security video of the exterior of defendant MANGANO'S house for approximately a one-year period. Many of the emails and other documents are both discoverable under Rule 16 and constitute prior statements of expected government witnesses pursuant to the Jenks Act, 18 USC § 3500.

## VENDITTO'S MOTION

### Brady Material

In the instant motion, VENDITTO reiterates his request for Brady material, citing his spurious contention "that Singh and Mei were in a corrupt relationship to the

2

exclusion of others." Def. Memo at 5.  VENDITTO further inaccurately alleges that the government has "failed to provide counsel with any information concerning the relationship [between Singh and Mei], including the specific benefits Singh provided to Mei and the circumstances of that relationship." Id.  Ironically, VENDITTO then spends the remainder of the motion listing all of the information he has gleaned about the relationship between Singh and Mei, citing email traffic between the two, which emails were provided to him by the government.  VENDITTO has claimed, and continues to claim, that he was unaware of the loans; however, the overwhelming evidence at trial will prove otherwise.

Early Production of Witness List, 2500 Material and Exhibit List

VENDITTO also requests, for the first time, early 3500 material, a witness list and an exhibit list, never having raised these issues with the government.  Again, VENDITTO fails to acknowledge that he is in possession of over a million pages of discovery, much of which is 3500 material, and, from these documents, he can easily glean who the government's witnesses will be.

However, the government has no duty to disclose the identities of its witnesses before trial, under either the Constitution, or Rule 16.  See Weatherford v. Bursey, 429 U.S. 545 (1977); United States v. Bejasa, 904 F.2d 137 (2d Cir. 1990).  A district court has the discretion to order disclosure of a witness list where a defendant makes a sufficient showing that the disclosure is both material to the preparation of the defense and reasonable in light of the circumstances surrounding the case.  United States v. Cannone, 528 F.2d 296, 301-302 (2d Cir. 1990).  Merely alleging that early disclosure is "reasonable" and "the information sought is necessary to enable the defendant to adequately prepare his defense," is plainly insufficient

3

to meet that burden.  See United States v. Miller, 2012 U.S. Dist. LEXIS 145419, S.D.N.Y., October 9, 2012.

Similarly, the Jenks Act, which governs the production of witness statements, does not impose a duty on the government to provide 3500 material *six-weeks* ahead of trial, or ahead of trial at all.  As the Court and the defense are well aware, technically, no witness statements are discoverable "until said witness has testified on direct examination in the trial of the case."  See 18 USC § 3500(a).  Moreover, the Second Circuit has unequivocally stated that a district court may not order the production of 3500 material before trial.  See United States v. Percevault, 490 F.2d 126 (2d Cir. 1974).   Of course, in the spirit of professionalism, the government will provide the defense with all the requested materials well in advance of trial.  However, we respectfully urge the Court to allow the parties to work out a schedule and not enter any order requiring the government to comply with VENDITTO's arbitrary and unreasonable deadlines.

## CONCLUSION

For all the reasons set forth above, the government respectfully submits that the defendant's motion should be denied in its entirety.

Dated:   Central Islip, New York
         January 16, 2018

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By:   _____
      Lara Treinis Gatz
      Assistant United States Attorney
      (631) 715-7913

4