

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LTG
F. #2015R02148

*610 Federal Plaza*
*Central Islip, New York 11722*

May 9, 2018

<u>By ECF</u>
The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
924 Federal Plaza
Central Islip, New York 11722

> Re:   United States v. Edward Mangano, et al.
> <u>Criminal Docket No. 16-540 (S-1) (JMA)</u>

Dear Judge Azrack:

The government respectfully submits this response in opposition to defendant Venditto's motion to reconsider the Court's February 28, 2018 decision precluding introduction of evidence of the decision of the Honorable Sandra J. Feuerstein in <u>PHL Variable Insurance Company v. Town of Oyster Bay</u>, 16-CV-4013 (SJF).

<u>Currently pending</u> in connection with the NDH loans are the unbriefed appeals in: (1) <u>PHL Variable Insurance Company v. Town of Oyster Bay</u>, 16-CV-4013 (SJF) - Judge Feuerstein's decision granting the TOB's motion to dismiss the complaint finding that the TOB was not legally obligated to pay the lender in connection with the November 2011 indirect loan guarantee of $7.8 million (NHD #1); and (2) <u>Phoenix Life v. TOB</u>, Index No. 605461/16 (Supreme Court, Nassau County) - Justice Linda S. Jamieson's decision denying the TOB's motion to dismiss in connection with the June 2012 indirect loan guarantee of $12.2 million (NDH #2). Also pending, in connection with a TOB backed Singh loan for Tappan Beach is <u>Atalaya v. TOB</u>, et al., Index No. 600517-16 (Supreme Court, Nassau County) – in which Justice Jerome C. Murphy denied the TOB's motion to dismiss the complaint and ordered the commencement of discovery.[1]

As discussed in more detail below, the Court should bar the defense from introducing ANY evidence of these decisions, as all are irrelevant under Federal Rules of Evidence ("FRE") Rule 401 and 402, and would create a substantial risk of jury confusion as contemplated by FRE 403.

---

[1] Both of the state civil matters have been stayed at the request of the United States.

First, in a somewhat disingenuous fashion, the defendant seems to tout Judge Feuerstein's decision, while utterly disregarding the two State Courts' decision in which the TOB's motion to dismiss were denied.  Thus, on fairness grounds alone, the Court would have to inform the jury of all three decisions.  Moreover, it is critical to recognize, as the Court has correctly pointed out in the past, that Judge Feuerstein did not have most of the relevant facts before her when she decided that motion.

Further, Judge Feuerstein's decision on a pre-answer motion to dismiss under FRCP Rule 12(b)(6), while technically a "decision on the merits," is still not a determination after full evaluation of the facts.  In reality, it is a referendum on the information that the attorneys had at their fingertips at the time of pleading, and the choices they made when drafting the complaint.  A jury will not grasp that nuance; if it hears "dismissed" they may think it was because the claim had no merit, not due to pleading deficiencies.

Moreover, it is worth noting that the state courts will ultimately be the arbiter of these issues, as New York State municipal law, and the New York State constitution govern these matters, as the concession agreements and assignment of concession agreement proceeds are contracts entered into in New York State.  And, it is the TWO state court decisions that have denied the TOB's motion to dismiss.

Finally, and most critically, while the subject of the civil matters focused entirely on whether or not the loan guarantees, as set forth in the amendments to the concession agreements, were enforceable, it bears underscoring that this trial ***is not about the enforceability and/or legality of the indirect loan guarantees.***  Rather, the focus of this trial is the efforts undertaken by Mangano and Venditto in order to ensure that Singh's loans were guaranteed by the TOB and the consideration (or "stream of benefits") each received in exchange for these efforts.

In connection with the securities fraud charges, Judge Feuerstein's decision in 2016 is irrelevant as disclosure of contingent liabilities encompasses anticipated suits, even if defensible.  Moreover, the materiality of a contingent liability includes legal spending to defend.  Here, the TOB has spent millions of dollars, significant and material sums, to defend the suits.  This fact alone demanded disclosure.  Ultimately, Judge Feuerstein's decision does not support Venditto's claim that he "acted upon a good faith belief that the NDH loans were not a legal liability of the Town," thus; this decision should not be introduced to the jury.

In sum, the TOB won one, the lenders won TWO, and none of the matters are final as all are being appealed, thus, these decisions are probative of nothing and will only serve to confuse the jury.

Thank you for your consideration of this request.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:             /s/
Lara Treinis Gatz
Catherine M. Mirabile
Raymond A. Tierney
Assistant U.S. Attorneys
(631) 715-7850/7913/7849

cc:    Counsel for all Defendants (via ECF)