# *LAW OFFICES OF KEVIN J. KEATING*

| | | |
|---|---|---|
| KEVIN J. KEATING, ESQ. | 666 OLD COUNTRY ROAD | MANHATTAN OFFICE: |
| | SUITE 900 | 1140 AVENUE OF THE AMERICAS |
| | GARDEN CITY, NEW YORK 11530-2004 | 9TH FLOOR |
| Stefani Goldin, Esq. | (516) 222-1099 | NEW YORK, N.Y. 10036 |
| Of Counsel | Fax: (516) 745.0844 | |
| Laura O'Neil | kevin@kevinkeatinglaw.com | |
| Paralegal | | |

November 27, 2018

**VIA ECF**

United States Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
Attn:   AUSA Catherine Mirabile
          AUSA Lara Treinis Gatz
          AUSA Christopher Caffarone

Re:   *United States v. Edward Mangano, et al.*
       Criminal Docket No. 16-540

Counsel:

As you are aware, I am attorney for Mr. Mangano, and I write in response to your letter of November 20, 2018.

I.   Perjury/False Testimony By Government Witnesses

While your letter purports to respond to our written demands of "October 24 and 26, 2018 and November 15, 2018," it is notably silent as to our outstanding demands for *Brady* material consisting of perjury and/or false testimony by government witnesses at the initial trial of this matter. By way of correspondence of August 24 and October 24, 2018, we sought disclosure as to whether, in the Government's assessment, any of its witnesses provided false and/or perjured testimony during the initial trial of this matter. Such conduct would constitute *Brady* material, and uncharged criminal conduct which falls within the Government's disclosure obligations. This demand encompasses, but is not limited to, the Government's assessment as to whether:

- Harendra Singh provided false and/or perjured testimony regarding the circumstances surrounding the creation of Government's Exhibits 411 and 412 (the purported lease agreements for 162A Hicksville Road in Bethpage). See Tr. 262-263.

- Harendra Singh provided false and/or perjured testimony when he denied purchasing properties in Goa, India. See Tr. 2558-2564.

- Harendra Singh provided false and/or perjured testimony when he indicated that his purchase of the Brookstone massage chair was unrelated to the 50th birthday campaign fundraiser which occurred in September, 2012, and that he was uninvolved with the fundraiser, despite the fact that it began at his Water's Edge Restaurant.

- Butch Yamali provided false and/or perjured testimony regarding the operability and condition of his Coral House facility and his warehouse at 11 Skyline Drive, Plainview.

II.  Hindi Recordings

In our correspondence of November 15, 2018, we inquired as to the schedule for the production of English transcripts of the more than 300 previously undisclosed Hindi recordings obtained from the 30-day wiretaps on Singh's phone in 2015. The Government's response on this issue is baffling and, again, troubling.

It is now well-chronicled that prior to the initial trial of this matter, the Government misrepresented that the "entirety" of recordings obtained from the 30-day wiretap on Singh's phone in 2015 had been supplied to the defense. This misrepresentation was repeated on October 3, 2018, when the Government again unequivocally asserted during a pre-trial conference that all recordings had been supplied to the defense. As is now known, the truth is quite different, as more than 2,700 recordings from the 30-day Singh wiretap had not been disclosed, including pertinent calls, and calls containing *Brady* and *Giglio* material.

In your November 20th correspondence, you contend that only 5 of the 307 recently produced Hindi calls are "pertinent." You further assert that summary translations of these five "pertinent" calls were previously produced to defense counsel on October 6th – *the same day that counsel for the Government purportedly discovered the existence of the undisclosed Hindi calls (and three days after you represented in open Court that no such recordings existed).*

The Government's current position is inconsistent with prior representations made to us subsequent to October 6th – *i.e.*, that the Government was still in the process of reviewing the remaining 307 Hindi calls for pertinence.

In light of the Government's current position – that those five, initially produced calls represent the entire universe of "pertinent" Hindi calls, we are seeking clarification as to when these calls were known to counsel for the Government, when the Government first obtained

and/or prepared summary or "line sheet" translations of any Hindi calls, and when the determination was made as to pertinence. It is utterly implausible that, over the course of a single day, counsel for the Government discovered the existence of more than 307 Hindi calls, arranged for the translation of such calls, made a conclusive determination that only five of those calls were pertinent, and then created summary transcripts of such calls.

Moreover, based upon our own preliminary assessment of the Hindi calls, we strongly disagree that only five of the calls are pertinent. We believe that multiple calls capture Mr. Singh engaged in ongoing criminal activity, triggering the Government's Constitutional duty to disclose pursuant to *Brady* and *Giglio*.

Finally, in your correspondence you indicate that the Government is under no obligation to provide English transcripts "of the over 300 non-pertinent calls from the Singh wire that are in Hindi," but "we are endeavoring to transcribe all the calls and will provide a copy of those transcripts on a rolling basis *when and if they are transcribed. However, we cannot commit to completing that process prior to trial.*"

On this issue, I note the following. First, an earlier representation was made by the Government that all the calls were being transcribed and would be produced on a rolling basis. Next, this issue surfaced nearly *two months ago* and, to date, we have received no transcripts from the promised rolling production. Finally, in light of the history of misrepresentations by the Government on the issue of the recordings, we are disinclined to simply accept the Government's representation that only 5 of the over 300 Hindi recordings are pertinent. Thus, we reiterate our demand for the production of English transcripts of all of the Hindi recordings in the Government's possession. Additionally, we make demand for all line sheets in the Government's possession, and any and all ten-day reports generated during the 30-day wiretap.

Very truly yours,

KEVIN J. KEATING

cc: All Counsel
KJK/cn